UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                   :

HOME FEDERAL SAVINGS              :          CASE NO. 4:06-CV-3053
AND LOAN ASSOCIATION             :
OF NILES, et al.                               :          JUDGE JAMES S. GWIN
                                                   :
               Plaintiffs,                    :          ORDER & OPINION
                                                   :          [Resolving Docs. 11 & 13]
vs.                                                   :
                                                   :
FEDERAL INSURANCE CO.,             :
                                                   :
               Defendant.                   :
                                                   :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       On December 21, 2006, Plaintiff First Niles filed a complaint alleging (1) breach of contract with regard to insurance coverage; and (2) bad faith. [Doc. 1.] On May 4, 2007, Plaintiffs and Defendant Federal Insurance both filed motions for partial summary judgment on the contract claim. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part both Plaintiffs' and Defendant's Motion for Summary Judgment.

### I. Background

       This case arises out of an insurance coverage dispute concerning the applicability of what is commonly known as an "insured v. insured" exclusion contained in an insurance policy. Since June of 2004, Defendant Federal Insurance Co. has provided a director and officer liability insurance policy to Plaintiff First Niles. A director and officer liability insurance policy protects a company's officers and directors from personal liability arising out of wrongful acts committed in their

-1-

Case No. 4:06-CV-3053
Gwin, J.

corporate capacities.  The relevant policy states: "[Federal] shall pay on behalf of an Insured all Loss on account of any [director & officer] Claim first made against an Insured Person during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act." " [Doc. 11, Ex. 1 at 7].

On August 31, 2006, six shareholders brought a claim against the directors and officers of Plaintiff First Niles for an alleged breach of their fiduciary duties.  The insurance policy would clearly cover this claim, referred to as the underlying litigation, if it were not for one of the plaintiff shareholders.  That shareholder, Leonard Gantler ("Gantler"), is a former director of First Niles and therefore is an "insured" under the policy.

The policy includes an insured v. insured exception that states in part: "[Federal] shall not be liable for Loss on account of any D&O Claim or Insured Organization Claim (a) brought or maintained by or on behalf of any Insured . . . ." [Doc. 11, Ex. 1 at 27].  Additionally, the Policy contains this allocation provision:

> If any Insured in an . . . Insured Organization Claim, or if Insured Persons in a D&O Claim incur both Loss that is covered by this Policy and also Loss that is not covered by this Policy either because such Claim is made both against such Insured or Insured Persons and others or because such Claim includes both covered and uncovered matters, or because such Claim is made against both covered and uncovered parties, the coverage will apply as follows:
> a. 100% of all Defense Costs incurred only by such Insured on account of such Claim will be considered covered Loss; and
> b. all remaining loss other than Defense Costs, incurred by such Insured on account of such Claim, will be allocated between covered Loss and uncovered Loss and covered and uncovered parties, based upon the relative legal exposures of the parties to such matters.

[Doc. 11, Ex. 1 at 29]

In late 2006, Plaintiff First Niles sought coverage from Defendant Federal Insurance for the

Case No. 4:06-CV-3053
Gwin, J.

underlying litigation under its director and officer policy. Defendant denied the claim in its entirety, arguing that because Gantler was one of the plaintiffs in the underlying litigation, and he qualified as "an insured," the insured v. insured exception applied to the entire litigation.

In responding to the claim, the Defendant also relied on the policy's definition of a "Director and Officer Claim." The definition states in part that a claim is "a civil proceeding commenced by the service of a complaint or similar pleading . . . against any Insured Person for a Wrongful Act or Interrelated Wrongful Act by such Insured Person solely in his or her Insured Capacity."[Doc. 11, Ex. 1 at 21]. This definition, according to Defendant, brought the entire underlying lawsuit within the exception to coverage.

On December 21, 2006, Plaintiff filed this action, seeking damages for this denial. Plaintiff argues that Gantler did not sue First Niles in his capacity as an insured, and his claim remains covered under the Director and Officer Liability Insurance Policy. In the alternative, the Plaintiff says the rest of the plaintiffs' claims in the underlying litigation are separate claims, covered by the policy.

## II. Legal Standard

*A. Summary Judgment*

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998)

Case No. 4:06-CV-3053
Gwin, J.

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id*.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *Id.* at 586. Nor can the nonmoving party "rest upon the mere allegations or denials of the adverse party's pleading." FED. R. CIV. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

Case No. 4:06-CV-3053
Gwin, J.

*B. Insurance Contract Policy Exclusions*

Under Ohio law, an unambiguous policy exclusion should be applied as written. *See Hybud Equip. Corp. v. Sphere Drake Ins. Co. Ltd.*, 64 Ohio St. 3d 657, 655 (1992) ("[I]f the language of the policy's provision is clear and unambiguous, this court may not resort to construction of that language."); *see also St. Mary's Foundry, Inc. v. Employers Ins.*, 332 F.3d 989, 993 (6th Cir. 2003) (applying Ohio law and holding that, where an exclusion is unambiguous, an insured "may not have the benefit of interpretive doctrines that require us to read an ambiguous exclusion in favor of coverage.").

If the policy is ambiguous, however, insurance policy exclusions apply only to those claims that are "clearly intended to be excluded." *See Hybud Equip. Corp. v. Sphere Drake Ins. Co.,* 64 Ohio St. 3d 657, 665 (1992); *see also Southside River-Rail Terminal Inc. v. Crum & Foster Underwriters of Ohio*, 157 Ohio App. 3d 325 (Hamilton Cty. 2004).  Thus, "if an exclusionary clause will reasonably admit of an interpretation that would preserve coverage for the insured, then as a matter of law, the court is bound to adopt the construction that favors coverage."  *Watkins v. Brown*, 97 Ohio App. 3d 160 (Montgomery Cty. 1994).

### III.  Analysis

*A. Applicability of the Insured v. Insured Exclusion  to the Mr. Gantler's Claim*

The policy does not reasonably admit to an interpretation that would cover Gantler's claims. For that reason, the Court finds the policy unambiguously excludes any claims brought by Gantler.

As an initial matter, Defendant does not dispute the underlying litigation constitutes a Director and Officer Claim and had the other five plaintiffs brought their claims in individual actions, the claims would be covered by the policy. [Doc. 11 at 1].  The Defendants argue, however,

Case No. 4:06-CV-3053
Gwin, J.

that these other plaintiffs bringing their claims in the same action as an insured excludes the entire lawsuit from coverage. The policy defines claim in part as "a civil proceeding commenced by the service of a complaint." Thus, Defendants contend one lawsuit is one "civil proceeding."

Responding, the Plaintiffs argue that the definition of "an insured" is so broad that it cannot be reasonably applied in the context of the "insured v. insured exception." Instead, Plaintiffs contend that the exclusion must be given a reasonable interpretation that is consistent with its purpose and intent. This interpretation, according to Plaintiffs, would trigger coverage of Gantler's lawsuit. The term "an insured" refers to all past or future officers and directors. Plaintiffs argue that past directors present no threat of collusion–the underlying purpose of an insured v. insured exception, and further future directors are unascertainable. In other words, Plaintiffs argue that because the exclusion is so broad as written, it must be meaningless or ambiguous.

The Court finds this argument unpersuasive. First, the policy exclusion is not meaningless. The policy still clearly covers actions initiated by government administrative bodies, and actions by individuals who have never been officers or directors nor will ever become them.

Ohio law states an unambiguous policy exclusion must be applied as written. *See Hybud Equip. Corp*, 64 Ohio St. 3d at 655. The Court therefore does not consider plaintiff's arguments regarding the purpose of the policy exclusion. *See St. Mary's Foundry, Inc. v. Employer's Ins.,* 332 F.3d 989, 993 (6th Cir. 2003) (finding where an exclusion is unambiguous an insured "may not have the benefit of interpretive doctrines that require us to read an ambiguous exclusion in favor of coverage.")

By its terms, the insured v. insured exception applies to Gantler's claims. Gantler is "an insured" within the policy terms because he was a past director. [Doc. 11, Ex. 1 at 22]. Gantler's

Case No. 4:06-CV-3053
Gwin, J.

status as a shareholder and not a former director in the underlying litigation does not change the result. Nothing in the policy's terms distinguishes among the various capacities an insured could bring a claim. It simply excludes claims brought or maintained by an insured. [Doc. 11, Ex. 1 at 27]. Therefore, the exclusion governs regardless of the capacity in which the insured sues. *See also American Med. Int'l v. Nat'l Union Fire Ins. Co.*, 244 F.3d 715, 722-723 (9th Cir. 2001) (construing the plain language of an insured versus insured clause to bar coverage for a claim by a former officer in his capacity as a corporate bidder).

The Court finds that the policy excludes claims brought by Gantler from coverage. In the absence of ambiguity, the Court applies the contract as written. For these reasons, the policy does not apply to claims brought by Gantler.

*B. Applicability of the Insured v. Insured Exception to Claims Brought by Other Shareholders*

Defendant argues the insured v. insured exception clearly and unambiguously exempts the entire underlying lawsuit because one of the six plaintiffs, Gantler, was an insured. The Defendant argues that this makes the whole lawsuit a single claim that was "brought . . . by an insured." In response, Plaintiffs contend Gantler's lawsuit was severable from the other five plaintiffs. The Court finds the insured v. insured exception either does not exclude the other plaintiffs' claims in the underlying litigation or the exception is unclear in regards to their claims. Therefore, these claims are covered by the policy.

Plaintiffs argue that each of the plaintiffs in the underlying litigation could have brought a separate action, subject to separate analysis on questions such as standing and damages, each claimant could dismiss or settle without reference to the other plaintiffs. As each claim was severable to a separate 'civil proceeding,' Plaintiffs contend each should constitute 'a claim.'

Case No. 4:06-CV-3053
Gwin, J.

Plaintiffs further argue that the contract's allocation provision explains how the policy will cover lawsuits that include both covered and uncovered matters. This provision, Plaintiffs contend, governs the situation that arose here, where a single lawsuit has both covered and uncovered claims. The Court agrees.

In *Level III Communications v. Federal Ins. Co.*, the Seventh Circuit construed the same insured v. Insured exception in the same insurance contract at issue here. 168 F.3d 956 (7th Cir. 1999). In that case, the Defendants argued the presence of one insured plaintiff excluded the entire contract. The court found this interpretation "not outlandish" and "conceivable" but found "the contract deals with this problem in another way, by requiring allocation of covered and uncovered losses." *Id.* at 960. Thus, under the terms of the contract, the *Level III* court found the definition of claim mandated that the policy be construed to permit coverage of the claims brought by the non-insured plaintiffs. *Id.* At 960-961.

Defendant argues *Level III* is inapplicable because the insured plaintiff in that case joined the suit after the commencement of the action. However, other courts have followed *Level III* in situations analogous to the one at bar. *See e.g., Federal Ins. Co. V. Infoglide Corp.*, 2006 U.S. Dist. LEXIS 53734 (W.D. Tex. July 18, 2006). Further, *Level III* did not rely on the fact that the insured plaintiff joined the action later, rather, it found the other claims covered by the contract because of the allocation provision. *Level III*, 168 F.3d at 960.

Defendant points to *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, and *Powersports, Inc. V. Royal & Sunalliance Ins. Co.* as cases where courts have construed an insured v. insured exception to cover claims brought by co-plaintiffs. *Sphinx*, 412 F.3d 1224 (11th Cir. 2005); *Powersports*, 307 F. Supp.2d 1355 (S.D. Fla. 2004). *Sphinx* involved a class action suit brought originally by a former

-8-

Case No. 4:06-CV-3053
Gwin, J.

director, and *Powersports* relied on it. Neither case involved the same contract terms as the case here. In contrast, both *Infoglide* and *Level III* interpreted the same contract terms that are in this case to cover the non-insured plaintiffs' claims.

This Court finds that when interpreted under their plain meaning and especially after considering the allocation provision, the policy covers the non-insured plaintiffs' claims. In the alternative, the policy is ambiguous, and this Court must follow Ohio law that insurance policy exclusions only apply to those claims "clearly intended to be excluded." *See Hybud Equip.,* 64 Ohio St. 3d at 665 (1992). The policy here reasonably allows an interpretation that preserves coverage for non-plaintiff officers and directors, and Ohio law mandates the court adopt that interpretation. *See Watkins*, 97 Ohio App. 3d at 160.

Defendants argue that this view is really the "reasonable expectations doctrine" in disguise, a doctrine that Ohio has thus far rejected. *See Wallace v. Balint*, 94 Ohio St. 3d 182, 189 (2002) ("There is not yet a majority on this Court willing to accept the reasonable expectation doctrine."). The Court disagrees. The Court does not construe the contract to fit with the reasonable expectations of Plaintiff. Rather, finds the policy either covers the non-insured plaintiff's claims under its terms or finds the exclusion ambiguous so as to mandate the Court interpret the clause to preserve coverage.

Because the policy does not clearly exclude the claims brought by the non-insureds, Defendant Federal Insurance has the obligation to defend the underlying litigation, and, pursuant to the Allocation Provision, pay Plaintiffs' defense costs as well as indemnify liability of the individual, non-insured plaintiffs less any deductible.

### IV. Conclusion

Case No. 4:06-CV-3053
Gwin, J.

In conclusion, Defendant's policy clearly excludes Gantler's claims from coverage, but does not clearly exclude his co-plaintiff's claims from coverage. For all the aforementioned reasons, the Court hereby **GRANTS** in part and **DENIES** in part both Plaintiffs' and Defendant's Motion for Partial Summary Judgment.

IT IS SO ORDERED.


Dated: September 14, 2007            s/ *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE